United States District Court
for the
Southern District of Florida

| Eddy Leal, P.A., Plaintiff, | ) | |
|---|---|---|
| v. | ) ) | |
| Bimini Development of Village West Corporation and Jarrette Bay Investment Corporation, Defendants. | ) ) ) ) | Civil Action No. 17–21207-Civ-Scola |

## Order on Defendants' Motion to Dismiss

The Plaintiff, Eddy Leal, P.A., brings this lawsuit against the Defendants Bimini Development of Village West Corporation and Jarrette Bay Investment Corporation, alleging that the Defendants knowingly filed false Internal Revenue Service Form 1099s, thereby falsely reporting income on behalf of the Plaintiff. This matter is before the Court on the Defendants' motion to dismiss the amended complaint. For the reasons set forth in this Order, the Court **denies** the motion to dismiss (**ECF No. 23**).

### 1. Background

The Defendants and non-party Orlando Benitez, Jr. ("Benitez") have been in active litigation for more than seven years. (Am. Compl. ¶ 6, ECF No. 12.) The Plaintiff represented Benitez for approximately two years. (*Id.* ¶ 7.) As part of that litigation, the Defendants entered into agreed orders in state court proceedings in which funds would be placed in the Plaintiff's trust account pending further order from the state court. (*Id.* ¶¶ 8–13.) Pursuant to those agreed orders, the Defendants wrote monthly checks, made payable to "Eddy Leal, P.A. Trust Account" to be deposited and held in escrow in the Plaintiff's trust account. (*Id.* ¶¶ 17, 30.)

Despite the fact that the agreed orders required that the funds be placed in the Plaintiff's trust account and thereby held in escrow, both of the Defendants issued a Form 1099-Misc to the Plaintiff for the 2015 taxable year. (*Id.* ¶ 18, 31.) Defendant Bimini Development of Village West Corporation issued a Form 1099-Misc to the Plaintiff for $8,000 for the 2015 taxable year. (*Id.* ¶ 31.) Defendant Jarrette Bay Investment Corporation issued a Form 1099-Misc to the Plaintiff for $19,400.20 for the 2015 taxable year. (*Id.* ¶ 18.) The Plaintiff contacted the Defendants to correct these improperly issued Form 1099s but the Defendants never responded to the Plaintiff's attempts to resolve the issue. (*Id.* ¶¶ 20–22, 33–35.) Both of the Defendants filed the Form 1099s with the Internal Revenue Service ("IRS"). (*Id.* ¶¶ 19, 32.) The Plaintiff alleges

that the Defendants "filed the fraudulent [Form 1099s] with the IRS with the purpose of either defrauding the IRS or harassing [the] Plaintiff." (*Id.* ¶¶ 19, 32.)

The amended complaint asserts causes of action for fraudulent filing of information returns pursuant to 26 U.S.C. § 7434. The Defendants have moved to dismiss the amended complaint for failure to state a claim upon which relief can be granted. The Defendants claim that the Plaintiff has failed to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b) because the Plaintiff did not attach to its amended complaint proof that the Form 1099s were filed with the IRS.

### 2. Legal Standard

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984).

Under Federal Rule of Civil Procedure 9(b), "a party must state with particularity the circumstances constituting fraud or mistake," although "conditions of a person's mind," such as malice, intent, and knowledge, may be alleged generally. Fed. R. Civ. P. 9(b). "The 'particularity' requirement serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.,* 287 F. App'x 81, 86 (11th Cir. 2008) (citations omitted). To meet this standard, a complaint asserting a violation of

26 U.S.C. § 7434 states a claim by alleging the "who," "what," "when," "why," and "how," of the defendants' allegedly unlawful acts. *Diaz v. In Season Distribs., LLC*, No. 1:16-cv-21877, 2016 WL 4401141, at *2 (S.D. Fla. Aug. 17, 2016) (Ungaro, J.).

### 3. Analysis

The amended complaint alleges that the Defendants willfully filed a fraudulent information return with the IRS, in violation of 26 U.S.C. § 7434. As a result, the Plaintiff alleges that the Defendants are liable to the Plaintiff in an amount equal to the greater of $5,000.00 or the sum of actual damages to the Plaintiff, costs, and reasonable attorneys' fees. The Defendants allege that the amended complaint only "casually refer[s] to a supposed 'account transcript' from the IRS that is neither affixed to the Amended Complaint nor are the contents described with any requisite Rule 9(b) particularity" and therefore the Plaintiff's claim must be dismissed. (Mot. 3, ECF No. 23.)

26 U.S.C. § 7434 provides, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." To establish a claim of tax fraud under 26 U.S.C. § 7434, the Plaintiff must prove: (1) the Defendants issued an information return; (2) the information return was fraudulent; and (3) the Defendants willfully issued a fraudulent information return. *Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290, 1297–98 (S.D. Fla. 2014) (Moreno, J.).

The Plaintiff alleges that (1) the Defendants "filed the fraudulent information return with the IRS," (2) "with the purpose of either defrauding the IRS or harassing Plaintiff," and (3) despite "direct knowledge that the funds were not income to Plaintiff." (Am. Compl. ¶¶ 18–19, 31–32, ECF No. 12.) The Plaintiff attaches copies of the false Form 1099s to the amended complaint. (*Id.* Ex. 5, Ex. 7.) The Plaintiff also alleges that account transcripts confirm that the Defendants filed the Form 1099s with the IRS. (*Id.* ¶¶ 19, 32.) The Defendants dispute these allegations, claiming that they are insufficient because the Plaintiff did not attach copies of the account transcripts that confirm that the Defendants filed the Form 1099s with the IRS. (Mot. 3–4, n.1, ECF No. 23.)

In response, the Plaintiff attaches the account transcripts referenced in the amended complaint. (Resp., Composite Ex. 1, ECF No. 24-1.) The Eleventh Circuit has held that a "a document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [the Court] may consider such a document." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)). Thus, the Defendants' argument that the Plaintiff's allegations are insufficient is foreclosed by the evidence submitted with the Plaintiff's response.

Therefore, the amended complaint plausibly alleges a violation of 26 U.S.C. § 7434. At this stage of the proceedings, the Plaintiff states a claim for relief because the amended complaint presents allegations that "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 545; *see also Diaz*, 2016 WL 4401141, at *2 (denying motion to dismiss where "Plaintiffs have plausibly alleged a cause of action under § 7434").

### 4. Conclusion

Accordingly, the Court **denies** the Defendants' motion to dismiss (**ECF No. 23**). Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), the Defendants shall file an answer to the amended complaint on or before **September 4, 2017**.

**Done and ordered** in chambers, at Miami, Florida, on August 21, 2017.

_____
Robert N. Scola, Jr.
United States District Judge