United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Eddy Leal, P.A., Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Bimini Development of Village West Corporation and Jarrette Bay Investment Corporation, Defendants. | ) Civil Action No. 17–21207-Civ-Scola ) ) ) ) |

## **Omnibus Order on Plaintiff's Motion to Dismiss Counterclaim and Motion for Summary Judgment**

This matter is before the Court upon the Plaintiff Eddy Leal, P.A.'s motion to dismiss counterclaim (ECF No. 36) and motion for summary judgment (ECF No. 34.) The Defendants/Counter-Plaintiffs did not file responses to either of the Plaintiff's motions despite the Court's granting their request for additional time in which to do so. After reviewing the motions, the record in this case, and the applicable law, the Court **grants** both motions.

1. **Background and Relevant Facts**

In this case, Leal asserts that the Defendants knowingly filed false Internal Revenue Service Forms 1099, thereby falsely reporting income on behalf of the Plaintiff, in violation of 26 U.S.C. § 7434. (Am. Compl., ECF No. 12.) The Defendants and non-party Orlando Benitez, Jr. ("Benitez") have been in active litigation for more than seven years. (Pl.'s Statement of Material Facts ("SOMF"), ¶ 4.) The Plaintiff represented Benitez for approximately two years. (*Id.* ¶ 5.) As part of that litigation, the Defendants entered into agreed orders in state court proceedings in which funds would be placed in the Plaintiff's trust account pending further order from the state court. (*Id.* ¶¶ 6-11.) Pursuant to those agreed orders, the Defendants wrote monthly checks, made payable to "Eddy Leal, P.A. Trust Account" to be deposited and held in escrow in the Plaintiff's trust account. (*Id.* ¶¶ 13, 18.)

Despite the fact that the agreed orders required that the funds be placed in the Plaintiff's trust account and thereby held in escrow, both of the Defendants issued a Form 1099-Misc to the Plaintiff for the 2015 taxable year. (*Id.* ¶ 14, 19.) Defendant Jarrette Bay Investment Corporation issued a Form 1099-Misc to the Plaintiff for $19,400.20 for the 2015 taxable year. (*Id.* ¶ 14.) Defendant Bimini Development of Village West Corporation issued a Form 1099-Misc to the Plaintiff for $8,000 for the 2015 taxable year. (*Id.* ¶ 19.) The

Plaintiff contacted the Defendants to correct these improperly issued Forms 1099 but the Defendants never responded to the Plaintiff's attempts to resolve the issue. (*Id.* ¶¶ 16-17, 21-22.) Both of the Defendants filed the Forms 1099 with the Internal Revenue Service ("IRS"). (*Id.* ¶¶ 15, 20.) The Plaintiff contends that the Defendants "filed the fraudulent [Forms 1099] with the IRS with the purpose of either defrauding the IRS or harassing [the] Plaintiff." (*Id.*) Moreover, following a hearing, the state court entered an order indicating its concern with respect to the characterization of the income reported on the 1099 issued to the Plaintiff, and requiring the Defendant Jarrette Bay to send a letter to its accountant indicating this concern and stating that the form should be corrected. (*Id.* ¶ 16.) Defendant Bimini Development conceded at a similar court hearing that the 1099 issued was in error and that it would be corrected within short order. (*Id.* ¶ 21.) Neither Defendant corrected the 1099s. (*Id.* ¶ 17, 22.) Based upon the undisputed facts, the Plaintiff seeks summary judgment on its claims for fraudulent filing of information returns against the Defendants.

The Defendants have asserted a counterclaim against the Plaintiff for fraud and misrepresentation, alleging that Plaintiff and Benitez entered into an agreement for representation that Plaintiff has masked by misrepresenting its attorneys' fees and costs, specifically, with respect to this case. (Ans. ¶¶ 5-10, 13.) The Plaintiff seeks dismissal of the counterclaim for lack of standing and failure to state a claim.

2. **Legal Standards**
   A. **Motion to Dismiss Standard**

"A motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." *Bank of Am., N.A. v. GREC Homes IX, LLC*, No. 13-21718-CIV, 2014 WL 351962, at *3-4 (S.D. Fla. Jan. 23, 2014) (Altonaga, J.) (citation omitted). When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Where a cause of action sounds in fraud, however, Federal Rule of Civil Procedure 9(b) must be satisfied in addition to the more relaxed standard of

Rule 8. Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake," although "conditions of a person's mind," such as malice, intent, and knowledge, may be alleged generally. Fed. R. Civ. P. 9(b). "The 'particularity' requirement serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008) (citations omitted). Thus, the Rule's "particularity" requirement is not satisfied by "conclusory allegations that certain statements were fraudulent; it requires that a complaint plead facts giving rise to an inference of fraud." *Id.* To meet this standard, the complaint needs to identify the precise statements, documents, or misrepresentations made; the time and place of, and the persons responsible for, the alleged statements; the content and manner in which the statements misled the plaintiff; and what the defendant gained through the alleged fraud. *Id.*

### B. Summary Judgment Standard

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260.

All the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004). "If more than one inference could be construed from the facts by a reasonable fact finder, and that inference introduces a genuine issue of material fact, then the district court should not grant summary judgment." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 996 (11th Cir. 1990).

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 323-24. The nonmovant's evidence must be significantly probative to support the claims. *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 249 (1986). The Court will not weigh the evidence or make findings of fact. *Id.* at 249; *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Rather, the Court's role is limited to deciding whether there is sufficient evidence upon which a reasonable juror could find for the nonmoving party. *Id.*

### 3. Analysis

At the outset, the Court notes that pursuant to the Local Rules, the failure to file a response to a motion is sufficient cause to grant a motion by default. *See* S.D. Fla. L.R. 7.1(c). Even so, the Court has considered the merits of the motions and determines that both should be granted.

#### A. Motion to dismiss the counterclaim

First, the Defendants' counterclaim is properly dismissed for failure to comply with Rule 9(b). "[U]nder Rule 9(b), it is sufficient to plead the who, what when, where, and how of the allegedly false statements and then allege generally that those statements were made with the requisite intent." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1238 (11th Cir. 2008). The allegations do not possess the requisite particularity with respect to what statements the Plaintiff made that the Defendant contend were misrepresentations or otherwise fraudulent, and is otherwise devoid of facts with respect to when, where, and how. Because the Court grants the Plaintiff's motion to dismiss the counterclaim on this ground, it does not consider the Plaintiff's remaining arguments.

#### B. Motion for summary judgment

26 U.S.C. § 7434 provides, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." To establish a claim of tax fraud under 26 U.S.C. § 7434, the Plaintiff must prove: (1) the Defendants issued an information return; (2) the information return was fraudulent; and (3) the Defendants willfully issued a fraudulent information return. *Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290, 1297-98 (S.D. Fla. 2014) (Moreno, J.).

By failing to respond to the Plaintiff's statement of facts in this case, the Defendant have admitted them. According to the Local Rules, "[a]ll material facts set forth in the movant's statement filed and supported as required above will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record." S.D. Fla. L.R. 56.1(b). Thus, the Defendants admit that they willfully and fraudulently filed information returns with the IRS, representing that the funds paid to the Plaintiff to be held in escrow, were in fact income to the Plaintiff. Moreover, in support of its motion for summary judgment, the Plaintiff submits copies of the checks written by

the Defendants to the Plaintiff's trust account, copies of the 1099s issued by the Defendants, copies of the IRS account transcripts confirming that the Defendants filed the forms with the IRS, and copies of relevant underlying state court orders. (ECF No. 33-1.) The Court finds that these documents support the Plaintiff's statement of facts and that they are sufficient to support the grant of summary judgment upon the Plaintiff's claims.

### 4. Conclusion

Accordingly, the Court **grants** the Plaintiff's motion to dismiss the counterclaim (**ECF No. 36**), and the Plaintiff's motion for summary judgment (**ECF No. 34**). The Court will enter judgment by separate order.

**Done and ordered** at Miami, Florida, on December 18, 2017.

_____
Robert N. Scola, Jr.
United States District Judge