United States District Court
for the
Southern District of Florida

Eddy Leal, P.A., Plaintiff,      )
                                   )
v.                             )
                                   )
Bimini Development of Village   )   Civil Action No. 17–21207-Civ-Scola
West Corporation and Jarrette   )
Bay Investment Corporation,   )
Defendants.             )

## **Order Denying Motion for Reconsideration**

This matter is before the Court on the Plaintiff's motion for reconsideration of the Court's order granting in part its motion for costs (ECF No. 46). In its Order (ECF No. 45), the Court determined that the Plaintiff is not entitled to recover mediation costs because such costs are not taxable under 28 U.S.C. section 1920, and the Plaintiff did not provide any legal authority to justify the recovery of such costs. The Plaintiff requests reconsideration of the portion of the Court's Order regarding mediation costs, arguing that a specific statutory provision provides for the recovery of such additional costs.

"A motion for reconsideration cannot be used to relitigate old matters . . . ." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal citation and quotations omitted). Instead, a motion for reconsideration remains appropriate where "(1) an intervening change in controlling law has occurred, (2) new evidence has been discovered, or (3) there is a need to correct clear error or prevent a manifest injustice." *Barr v. Harvard Drug Grp., LLC*, No. 13-CV-62019-KAM, 2015 WL 11181968, at *3 (S.D. Fla. Dec. 7, 2015) (Marra, J.) (internal citation and quotations omitted). "The moving party must set forth facts or law of a 'strongly convincing' nature to induce the court to reverse a prior decision." *Id.* (internal citation omitted). In order to merit reconsideration, "the party must do more than simply restate its previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived." *See Vila v. Padron*, No. 04-20520, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005) (Altonaga, J.). "A motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first

decision or to reiterate arguments previously made." *Id.* (internal quotations and citation omitted).

In support of its motion, the Plaintiff argues that under 26 U.S.C. section 7434(b)(2), the Court may award a prevailing party additional costs not taxable under section 1920. Section 7434(b) states that "upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return . . . **the costs of the action, and** in the court's discretion, reasonable attorneys' fees." Although the Plaintiff argues that this statutory language encompasses mediation costs in this case, the Court is unpersuaded. First, the Plaintiff provides no authority for the proposition that section 7434(b)(2) expands the realm of recoverable costs beyond those specifically enumerated in 28 U.S.C. section 1920. Second, the Local Rules specifically provide that "[a]bsent agreement of the parties to the contrary, the cost of the mediator's services shall be borne equally by the parties to the mediation conference." S.D. Fla. L.R. 16.2(b)(7). There is no evidence that such an agreement existed in this case. Thus, the Plaintiff fails to make a sufficient showing under any of the three prongs to justify reconsideration of the Court's Order.

Accordingly, the motion for reconsideration (**ECF No. 46**) is **denied**.

**Done and ordered** at Miami, Florida, on March 1, 2018.

Robert N. Scola, Jr.
United States District Judge